UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| YOURI BEITDASHTOO          . | ) |
| | ) Case No. 11-16702-RGM |
| | ) Chapter 13 |
| | ) |
| ——————————————— | ) |
| | ) |
| NATIONWIDE REGISTRY & | ) |
| SECURITY LTD. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
|  YOURI BEITDASHTOO          . | ) |
| | ) |
| and | ) |
| | ) |
| THOMAS P. GORMAN, INTERIM | ) |
| TRUSTEE | ) |
| | ] |
| Defendants | ) |
| ——————————————— | ) |

## MOTION FOR RELIEF FROM STAY AND
## NOTICE OF MOTION AND HEARING

Plaintiff, Nationwide Registry and Security Ltd. ("NRS"), by and through its undersigned

counsel, moves this Court for relief from the automatic stay and, in support thereof, states as

follows:

1.      This Court has jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §

1334. This is a core proceeding under 28 U.S.C. § 157, and a contested matter pursuant to Rules

4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

Robert L. Vaughn, Jr. VSB 20633
O'Connor  & Vaughn, LLC
11490 Commerce Park Drive, Suite 510
Reston, VA 20191

2.      The Defendant/Debtor, Youri Beitdashtoo ("Debtor")  filed a Chapter 13 petition in this Court on September 13, 2011.

3.      Thomas Gorman has been appointed as Chapter 13 Interim Trustee.

4.      Debtor is the Husband of Nahid Ahmadpour ("Ahmadpour").

5.      Debtor and his Wife are the title holders of certain real property known as Lot Sixty-six (66), Section Four (4), Chain Bridge Forest, also known as  4054 - 41st Street, North, McLean, Virginia 22101 (the "Property").

6.      On January 17, 2008, NRS obtained a judgment in the Circuit Court of Fairfax County against Ahmadpour, in the principal sum of $80,000 with interest thereon at the rate of 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000.  Said judgment was based upon a series of ten (10) drafts written by Ahmadpour on her Chevy Chase Bank account between October 8 and October 10, 2005, totaling $80,000, all of which drafts were dishonored by Chevy Chase Bank for insufficient funds.

7.      As a consequence of her actions, the Debtor also was criminally charged with drawing and passing checks without sufficient funds with the intent to defraud.  On or about November 9, 2006, Debtor entered a guilty plea to the aforesaid charges.

8.      During the course of its attempts to collect on the subject judgment, NRS learned that on or about September 11, 2005, Ahmadpour had voluntarily and without consideration transferred the Property which, up until that time, was in her sole name, into the names of herself and the Debtor as tenants by the entirety.   Said transfer was made with the intent to hinder, delay and defraud NRS.  The Deed representing said transfer is recorded among the land records of Fairfax County, Virginia, in Deed Book 17782 at Page 2081.

9.      Shortly after the transfer, Debtor used the Property as security for a loan from World Savings Bank, FSB ("World Savings") in the principal amount of $937,500.  A Deed of

Trust securing said loan, dated September 12, 2005, is recorded among the land records of Fairfax County, Virginia in Deed Book 17782 at Page 2083. Upon information and belief, Wells Fargo Bank, N.A.("Wells Fargo") is the successor in interest of World Savings and current holder of said loan. (said Deed of Trust will be hereinafter referred to as the "First Trust"). Upon information and belief, the current payoff of the First Trust is approximately $950,000.

10.    Debtor also used the Property as security for a loan from SunTrust Bank in the principal amount of $40,000, said loan being secured by a Deed of Trust dated November 13, 2006, and recorded among the land records of Fairfax County, Virginia in Deed Book 18982 at Page 1634 (the "Second Trust"). As of August 9, 2011, the payoff of the Second Trust was $39,879.48. (Exhibit A).

11.    NRS also learned that, during this same period of time, Ahmadpour had voluntarily and without consideration transferred her solely owned business, HEMETAF, Inc., ("HEMETAF") into the name of the Debtor, also to avoid collection.

12.    Upon learning the foregoing, NRS was forced to file another action in the Circuit Court of Fairfax County against the Debtor and Ahmadpour seeking to set aside the transfer of the Property and of the business.

13.    On October 18, 2010, after a trial, the Circuit Court entered an Order setting aside the foregoing transfer of the business and deeming Ahmadpour as the 100% owner of HEMETAF, Inc.

14.    The action seeking to set aside the transfer of the Property was scheduled for trial on August 31, 2011.

15.    As part of its ongoing collection efforts, shortly after the October 18, 2010 decision, NRS levied upon the stock of HEMETAF, Inc. and caused it to be sold at public auction, at which auction NRS was the purchaser. NRS then proceeded to liquidate the business.

16.     While the liquidation of the business was proceeding, and while the aforesaid action seeking to set aside the transfer of the Property was pending, the Debtor and Ahmadpour listed the Property for sale apparently in the belief that they could do so and retain the proceeds of sale despite the pending lawsuit and without payment of the judgment to NRS.

17.     When it became apparent to the Debtor and Ahmadpour that their efforts to sell the Property and retain the proceeds without paying NRS would not be successful, and so as to stop the liquidation of the business, the Debtor and Ahmadpour entered into a Settlement Agreement with NRS under which the judgment would be satisfied for the substantially reduced sum of $91,000 payable out of the sale proceeds.

18.     The obligations of the Debtor and Ahmadpour were secured by a Deed of Trust against the Property dated August 2, 2011, and recorded in the Clerk's Office of the Circuit Court of the County Of Fairfax, as Instrument No. 2011-029643.001 ("NRS Trust"). A true and accurate copy of the NRS Trust, which is the third trust against the Property, is attached hereto as Exhibit B.

19.     Shortly after entering into the Settlement Agreement, Debtor and Ahmadpour defaulted under the terms thereof, specifically the requirement that the Property be listed for the sale price recommended by the listing realtor so as to ensure the sale thereof in a timely manner. Due notice of the default and an opportunity to cure was provided to the Debtor and Ahmadpour per the terms of the NRS Deed of Trust. Upon their refusal to cure the default, foreclosure proceedings were instituted against the Property with the sale scheduled to be held on September 23, 2011. A true and accurate copy of the Notice of Trustee Sale is attached hereto as Exhibit C.

20.     The listing realtor recommends that the Property be listed for sale for the sum of $1,299,000, which sum represents the maximum value of the Property. (Exhibit D). Even without consideration of the sales expenses related to the sale, there is no equity in the property.

21.     Given that Debtor had the Property listed for sale before the filing of the instant bankruptcy action, , the Property is not necessary for Debtor's reorganization.

WHEREFORE, Plaintiff, Nationwide Registry & Security, Ltd., prays that the automatic stay be lifted so that it may continue to enforce the subject Settlement Agreement by conducting a foreclosure sale of the Property, and for such additional relief as this Court deems necessary and appropriate.

Nationwide Registry & Security, Ltd.
*By Counsel*

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By ____/s/ Robert L. Vaughn, Jr.____ _____
Robert L. Vaughn, Jr., VSB # 20633
*Counsel for Plaintiff*

<u>Certificate of Service</u>

I hereby certify that on September 16, 2011, I mailed a true copy of this Motion for Relief from Stay to each party required to receive notice:

Youri Beitdashtoo
4054 - 41st Street, North
McLean, Virginia 22101

Nathan Fisher, Esq.
3977 Chain Bridge Road, Suite #2
Fairfax Virginia 22030

Thomas Gorman, Interim Chapter 13 Trustee
300 North Washington Street, Suite 400
Alexandria, Virginia 22314

Office of the US Trustee
115 S. Union Street, Suite 210
Alexandria, Virginia 22314

S. Mohsin Reza, Esq.
TROUTMAN SANDERS
1660 International Drive, Suite 600
McLean, Virginia 22102
*Counsel for Wells Fargo*

Robert R. Musick, Esq.
Thompson McMullan, P.C.
100 Shockhope Slip, 3rd Floor
Richmond, Virginia 23219
*Counsel for SunTrust Bank*

/s/ Robert L. Vaughn, Jr_____
Robert L. Vaughn, Jr.



# SUNTRUST

Date: August 9, 2011                                    Attention: Kenya R Nelson

Kenya R Nelson
4054 41ST St N
Mc Lean, VA 22101-5805

RE: SunTrust Account 04308978000044042

Thank you for your recent inquiry regarding the projected payoff of the above-referenced equity line of credit account (the "Account"). As you consider paying off your account, we want to make sure you don't miss out on any of the opportunities available to you from SunTrust. Whether you are looking for a lower rate option, to lower your payment, to increase your line commitment, or to make other changes, we will do everything we can to find the best option for you. Before you payoff your account, please call us at 888.461.8862 to ensure we have provided you all available borrowing options.

This statement reflects the status of the Account as of the effective payoff date shown below. The payoff amount will change with any payments, advances, and/or fees to the Account that may occur in the future or that have not yet posted. The Account will also continue to accrue interest daily at the rate shown below; therefore, you should contact us to verify the payoff amount immediately prior to submitting your payoff funds and to inquire as to whether any recent payments, advances, and/or fees to the Account are included. Please note, errors or omissions by SunTrust Bank shall not modify your obligation under your loan documents.

| | | | |
|---|---|---|---|
| Client Name: | Youri Beitdashtoo | Fax Fee: | $0.00 |
| Current principal balance: | $39,641.11 | Release Fee: | $31.00 |
| Interest: | $201.48 | Waiver/Variance: | $0.00 |
| Late Fees: | $6.89 | **Payoff Amount:** | $39,879.48 |
| Misc Fees: | $0.00 | Per Diem (after payoff effective date): | $3.80 |
| Closing costs (refer to agreement): | $0.00 | Payoff Effective Date: | 08/09/2011 |

**Indicate your intent by checking only one option below and include this signed letter with your payment:**

_____ Payoff/Close    Upon receipt of the full payoff amount, the Account will be closed and the lien will be released. If you choose this option, you will no longer be able to draw on the Account.

_____ Subordination    You are refinancing your first mortgage and this equity line will remain open. The choice of this option is subject to additional conditions and requirements. Please call 888.461.8862 to request and facilitate the subordination of your equity line account to your new first mortgage.

_____ Pay Down    The Account will remain open. You will continue to be able to draw on the Account up to your credit limit and the lien will not be released.

If your intent is not indicated or is unclear, the funds will be credited to your account, reducing the balance, and the account will be frozen and the lien will not be released, unless otherwise required by applicable law, until we receive clear written instructions from you.

Please send your payoff to one of the following addresses:

**Regular Mail:**

SunTrust Bank
CLS Monetary
PO Box 305008
Nashville, TN 37230-5008

**Express Delivery:**

SunTrust Bank
CLS Monetary - TN-Nash-7967
41 Rachel Drive
Nashville, TN 37214-3684

The payoff may also be made at any SunTrust Bank location.

If you open a new equity account for $10,000.00 or more within six months of closing this account, any closing costs that were paid in the payoff of this account may be reimbursed upon request. Please ask our representative about this when you apply for the new account.

We appreciate your business and look forward to serving any financial needs you may have in the future. If you have any questions about this payoff or would like to apply for a new equity line or loan, please call us at 888.461.8862 or stop by your nearest SunTrust Bank branch. Thank you for choosing SunTrust to meet your borrowing needs.

| Sincerely, | Borrower(s): |
|---|---|
| Brian Leblanc | |
| SunTrust Bank | YOURI BEITDASHTOO |

⌂ SunTrust Bank is an Equal Housing Lender. SunTrust Bank, Member FDIC.
© 2008 SunTrust Banks, Inc. SunTrust is a federally registered service mark of SunTrust Banks, Inc.

UGK4E4130896E28 8/9/2011 1:04:32 PM [Eastern Daylight Time]

**EXHIBIT**
**A**

## DEED OF TRUST

This Deed of Trust made this ___2nd___ day of August, 2011, by and between **YOURI BEITDASHTOO and NAHID AHMADPOUR**, hereinafter collectively referred to as "**Grantor**", and **Robert L. Vaughn, Jr.**, Trustee, whose business address is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, a resident of Fairfax County, Virginia, herein referred to as "Trustee."

### WITNESSETH:

That for and in consideration of Ten Dollars ($10.00), cash in hand paid to Grantor, and other good and valuable consideration, the receipt of which is hereby acknowledged, Grantor does hereby grant, bargain, sell and convey to the Trustee, with GENERAL WARRANTY and English Covenants of title, all that certain parcel or lot of land, together with all the buildings and improvements now or hereafter thereon, and all other rights or privileges and appurtenances belonging or in any way appertaining thereto, situate, lying and being in the County of FAIRFAX, Virginia, and more particularly described as follows (the "Property"):

All that certain tract or parcel of land with improvements thereon and appurtenances thereunto belonging, situate in Fairfax County, Virginia known as

LOT SIXTY-SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, as the same is duly dedicated, platted and recorded in Deed Book 3489 at page 564 among the land records of Fairfax County, Virginia.

Also known as 4054 - 41st Street, North, McLean, Virginia 22102.

**IN TRUST NEVERTHELESS**, to secure the payment of the sum of NINETY-ONE THOUSAND DOLLARS and 00/100ths ($91,000.00) payable to **NATIONWIDE REGISTRY & SECURITY, LTD.,** Beneficiary hereunder, whose mailing address for notice purposes is 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, pursuant to a separate Settlement Agreement ("Agreement") between the parties relating to the satisfaction of a judgment obtained by the Beneficiary against Nahid Ahmadpour in the Circuit Court of Fairfax County, Virginia, in Case No. 2007-14478 (hereinafter the "judgment").

This Deed of Trust, except to the extent inconsistent with the specific and express provisions contained herein, shall in all other respects be read and construed with, and to such extent be deemed to incorporate by reference, the provisions of Section 55-59 through 55-59.4 of the Code of Virginia of 1950, as in force and effect on the date of acknowledgment hereof, and shall include in short form as provided in Section 55-60 of said Code the following provisions:

Deferred Purchase Money
Exemptions waived
Subject to all upon default
Renewals and extensions permitted
Rights of anticipation reserved
Insurance required
Substitution of Trustee permitted

Page 1 of 6



EXHIBIT

B

The parties hereto do further covenant and agree as follows:

1.      Grantor hereby covenants that Grantor owns the Property in fee simple, subject to existing deeds of trusts thereon, and has the right to convey it; that Grantor will execute such further assurances of title as may be requisite; that Grantor will pay punctually and promptly all of the said indebtedness; and that no purchaser hereunder shall be required to look to the application of the purchase moneys except as otherwise provided by law.

2.      So long a any part of the indebtedness secured hereby remains unpaid, Grantor agrees (a) to pay all taxes, assessments, levies and charges upon the Property by the time they become due, and to deliver evidence of the payment of said taxes, assessments and levies to the holder of the Agreement within ten (10) days after their respective due dates, and (b) to keep the improvements on the Property constantly insured, by a reputable insurance company, acceptable to the holder of the judgment, in such amount as specified above, against loss by fire, or other hazards usually covered by an extended coverage policy, which loss payable clauses in favor of and in form acceptable to the holder of the Judgment, without contribution, and to deliver policies and all renewals thereof to the holder of the Agreement, and Grantor shall promptly furnish to the holder of the Judgment all renewal notices and all receipts of said premiums. Subject to the rights of parties secured by deeds of trust superior to this deed of trust if the premises covered hereby, or any part thereof, shall be damaged by fire or other hazard against which insurance is held as hereinbefore provided, or shall suffer any other loss, the Grantor will immediately give notice by mail to the holder of the Judgment, who may make proof of loss if not made promptly by the Grantor and if restoration or repair of the Property damaged is economically feasible and the security of this deed of trust is not thereby impaired, the insurance proceeds shall be applied to such restoration and repair. If such restoration or repair is not economically feasible or if the security of this deed of trust would be impaired, the insurance proceeds shall be applied to the sums then remaining unpaid, secured by this deed of trust, with the excess, if any, paid to the Grantor. If Grantor fails to respond to the holder of the Judgment within thirty (30) days from the date notice is mailed by the holder of the Judgment to Grantor that the insurance carrier offers to settle a claim for insurance benefits, the holder of the Judgment is authorized to collect and apply the insurance proceeds at the holder of the Judgment's option either to restoration or repair of the Property or to the sums secured by this deed of trust.

3.      Grantor will not remove, demolish or alter the design or structural character of any building now or hereafter erected on the Property unless the holder of the judgment shall first consent thereto in writing; will maintain the property in good condition and repair; will not commit or suffer waste thereof; and will comply with all laws, ordinances, regulations, covenants, condition and restrictions affecting the Property.

4.      Grantor agrees to pay all expenses incurred in the collection of the indebtedness hereby secured, including reasonable attorneys' fees plus interest on principal amounts in default at the same rate as then being charged on the judgment hereby secured.

5.      In the event this deed of trust is inferior to any other deed of trust on the property, the Grantor covenants to pay the instrument secured thereby, and in default thereof, the holder of the judgment secured by this deed of trust may treat such default as a default under this trust and proceed

with foreclosure as herein set forth, and any sums of money paid by the judgment holder to prevent foreclosure on a prior deed of trust, shall be deemed to be fully secured by this instrument, plus interest at the rate provided for on the judgment secured hereby from this date of payment.

6.      Grantor also hereby irrevocably assigns and conveys unto the Judgment holder, and grants the judgment holder a security interest in, all leases now or hereafter existing on the Property and any guaranties thereof and all rents from the Property to secure the payment of all obligations secured hereunder. Grantor hereby authorizes the judgment holder to collect said rents with or without suit and to apply the same, less expenses of collection, to any of the obligations secured hereunder in such manner as may be determined by the judgment holder, or at the option of the judgment holder, to hold the same as security for the payment of all obligations secured hereunder: provided however, that until there be a default under the terms of the Agreement or this Deed of Trust, Grantor may continue to collect and enjoy said rents without accountability to the judgment holder.

7.      Grantor agrees that if default shall be made: (a) in payment of the secured indebtedness when due, or (b) in the terms and conditions of the Agreement, or (c) under the terms of or in the payment of, any installment of principal or interest on any senior encumbrance, or (d) in the payment of taxes or assessments, or fire and other hazard insurance, all as hereinabove provided; or upon any default in payment on demand of any money advanced by a judgment or lien holder on account of any prior cost, charge, commission or expense in and about the same time, or on account of any tax or assessment or insurance, or expense of litigation, or attorneys' fees, with interest thereon at the rate set forth in the judgment secured hereby from date of such advance (it being hereby agreed that on default in the payment of any tax or assessments or insurance premium or any payment on account thereof, or in the payment of any said costs, expense of litigation, or attorneys' fees, or any amount of principal or interest falling due on any senior encumbrance, as aforesaid, judgment holder may pay the same, and all sums so advanced, with interest as aforesaid, shall immediately attach as a lien hereunder, and be payable upon demand), or upon failure or inability faithfully and fully to keep and perform any of the conditions or covenants herein provided, then upon each and every such default so made, it is expressly covenanted and agreed by Grantor that if fifteen (15) business days after the judgment holder gives notice of such default via email to the Grantor at the following email address DIHANYD@AOL·com and Grantor has not cured said default and provided evidence of such cure to the judgment holder, it is expressly covenanted and agreed by Grantor that judgment holder may treat the whole principal debt hereby secured as thereupon immediately due and payable, and shall, in order to recover said principal debt or sum and interest thereon until paid, have the right then or thereafter at any time to sue thereon at law or in equity or to enforce payment thereof by means of any remedies or provisions in this instrument contained; and these rights shall exist notwithstanding that, by the terms of the Judgment or Agreement hereby secured, it may not on its face be due.

8.      In the event of default occurring as described in the preceding paragraph (including non-payment of the entire indebtedness when due or accelerated), then the Trustee, on being requested to do so by Judgment holder, shall sell for cash the property, after first advertising the time, terms, and place of sale once a week for four (4) consecutive weeks in some newspaper published in or having a general circulation in, the county, city, or town wherein the Property is located, or by any other method of advertisement that the Trustee may deem appropriate. The Trustee

or party secured shall give written notice of such proposed sale by personal delivery, or by certified or registered mail to the present owner of the Property at his last known address as set forth in the Agreement, mailing a copy of the advertisement or a notice containing the same information fourteen (14) days prior to such sale shall be a sufficient compliance with the requirement of notice, failure to comply with the foregoing notice requirements shall not affect the validity of the sale under this deed of trust, and purchaser shall be under no duty to ascertain whether such a notice was validly given. The Trustee shall apply the proceeds of said sale: first to discharge the expenses of executing the trust, including commission to the Trustee of five percent (5%) of the gross proceeds of sale; secondly to discharge all taxes, levies, assessments, with costs and interest, including the due pro rata thereof for the current year; thirdly, to discharge in the order of the priority, if any, remaining debts and obligations secured by this deed of trust, and any liens of record inferior to this deed of trust, with lawful interest; and fourthly, the residue of the proceeds shall be paid to the Grantor or his assigns, provided, however, that the Trustee as to such residue shall not be bound by any inheritance, devise, conveyance, assignment or lien of or upon the Grantor's equity, without actual notice thereof prior to distribution.

9.      If at the time of the sale the said Trustee shall deem it best for any reason to postpone or continue said sale for one or more days, they or he may do so, in which event, notice of such postponement or continuance shall be made in such manner as the Trustee, or the one acting may deem sufficient. It is further agreed that if said Property shall be advertised for sale as herein provided and not sold, the Trustee, or the one acting, shall be computed on the amount of the principal then unpaid.

10.      The Trustee is authorized and directed to grant a deed of release for the Property upon payment to the judgment holder of the total principal amount of the indebtedness secured hereby and all other sums due hereunder, together with accrued interest due on such amount to the date of payment.

11.      The judgment holder, with or without cause, is hereby authorized and empowered to substitute and appoint, by an instrument recorded wherever this deed of trust is recorded, a Trustee in the place of any Trustee hereunder. All power and discretion vested in the Trustees by law or by this deed of trust may be exercised by the Trustee or any substitute Trustee, and, upon any sale hereunder, a conveyance by the Trustee so acting shall be sufficient to pass title to such property.

12.      Grantor further covenants that the Trustees may rely upon the written or oral representatives of the Judgment holder that this deed of trust or the Judgment or Agreement secured hereby is in default, and all action taken pursuant to notice of default and request for foreclosure shall be binding upon Grantor, the Trustee and those claiming through or under them.

13.      Until default in the payment of the indebtedness hereby secured, or the breach of one or more of the covenants of the Agreement, or of this deed of trust, or the happening of any event which would constitute a default under the terms hereof or such Agreement, Grantor shall remain in quiet use, possession and management of the Property and in the enjoyment of the income, revenue and profits therefrom.

14.      In the event that title to the Property or any interest therein, whether legal or equitable,

becomes vested in anyone other than the Grantor, then the entire amount of the debt then become remaining unpaid, and all accrued interest thereon, shall become immediately due and payable at the option of the Judgment holder.

15.    The covenants contained herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number of noun shall include the plural and the plural singular.

16.    This deed of trust is to be construed according to the laws of Virginia.

**NOTICE:**    **THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

WITNESS the following signatures and seals:

_____ (SEAL)
**YOURI BEITDASHTOO**

_____ (SEAL)
**NAHID AHMADPOUR**

STATE OF VIRGINIA
COUNTY OF FAIRFAX, *to-wit:*

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **YOURI BEITDASHTOO** whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the ___2nd___ day of ~~July,~~ 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me. August

Given under my hand and seal this ___2nd___ day of ~~July,~~ 2011. August

_____
Notary Public, Reg. No. _7235592_

My commission expires: _05/31/13_ .

STATE OF VIRGINIA
COUNTY OF FAIRFAX, *to-wit:*

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **NAHID AHMADPOUR** whose name is signed to the foregoing and hereunto annexed deed of trust bearing the date of the ___2nd___ day of ~~July,~~ 2011, appeared before me in my jurisdiction aforesaid and acknowledged the same before me. August

Given under my hand and seal this ___2nd___ day of ~~July,~~ 2011. August

```
CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7235592
My Commission Expires May 31, 2013
```

Notary Public, Reg. No. 7235592

My commission expires: 05/31/2013

CHRISTINE WUTTKE
Notary Public
Commonwealth of Virginia
7235592
My Commission Expires May 31, 2013

### NOTICE OF TRUSTEE SALE
**4054 - 41st Street, North**
**McLean, Virginia 22101**

In execution of a Deed of Trust dated August 2, 2011, recorded in the Clerk's Office of the Circuit Court of the County Of Fairfax, as Instrument No. 2011-029643.001, securing the payment of the principal sum of $91,000 under a Settlement Agreement, default having occurred under the terms of said Settlement Agreement and, at the request of the holder of said Settlement Agreement, the undersigned Trustee will offer for sale at public auction at the main entrance of the Fairfax Circuit Court, 4110 Chain Bridge Road, Fairfax, VA 22030 on

### September 23, 2011 at 11:00 o'clock a.m.

the property described in said Deed of Trust, located at the above address and briefly described as: LOT SIXTY-SIX (66), SECTION FOUR (4), CHAIN BRIDGE FOREST, with improvements thereon. TERMS OF SALE: CASH; the property will sold "AS IS," WITHOUT REPRESENTATION OR WARRANTY OF ANY KIND AND SUBJECT TO conditions, restrictions, reservations, easements, rights of way, and all other matters of record taking priority over the Deed of Trust; a deposit of $10,000.00, or 10% of the sales price, whichever is lower, cash or certified check, will be required at the time of sale with settlement within fifteen (15) days from the date of sale. In the event of default by the successful bidder, the entire deposit shall be forfeited and applied to the costs and expenses of sale and Trustee's fee. The successful bidder will be required to execute and deliver to the Trustee a memorandum of sale at the conclusion of bidding. Additional terms may be announced at the time of sale. Pursuant to the Federal Fair Debt Collection Practices Act, we advise you that this firm is acting as a debt collector attempting to collect the indebtedness referred to herein and any information we obtain will be used for that purpose. This is a communication from a debt collector.   ROBERT L. VAUGHN, JR., Trustee.   FOR INFORMATION CONTACT: Robert L. Vaughn, Jr. 11490 Commerce Park Drive, Suite 510, Reston, Virginia 20191, 703-689-2100. Call Between 9:00 a.m. and 4:00 p.m.


EXHIBIT
C

## Laurie Salesses

**From:** "LILIAN JORGENSON" <LILIAN.JORGENSON@Longandfoster.com>
**To:** <rvaughn@oconnorandvaughn.com>
**Cc:** <dihanyd@aol.com>
**Sent:** Friday, August 12, 2011 2:48 PM
**Subject:** RE: Beitdashtoo Ahmadpour

I recommend a list price of $1,299,000 to get the house sold.  Now is our=chance, interest rates are staying low.  Activity picks up after Labor D=y.  Hope fully we will get it sold in the next 90 days

Lilian


Office of...
Lilian Jorgenson
Office  703-790-1990     Cell  703-407-0766     Home  703-281-3770     Ho=e Fax  703-938-7484
Click here for a free market snapshot of your neighborhood or the one you=want to live in

-----Original Message-----
From: rvaughn@oconnorandvaughn.com [mailto:rvaughn@oconnorandvaughn.com] =Sent:
Wednesday, August 10, 2011 6:51 PM
To: LILIAN JORGENSON
Cc: Laurie Salesses; Valerie Kaye
Subject: Beitdashtoo Ahmadpour

Would be helpful if you could provide me via return email confirmation th=t you would recommend a list price of $1,299K.

Thanks.
Sent from my Verizon Wireless BlackBerry



EXHIBIT

D

9/16/2011